IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL NELSON, | No. 4:23-CV-00273 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| CAPTAIN TAYLOR, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

JANUARY 3, 2024

Plaintiff Michael Nelson is a serial *pro se* litigant who is well known to this Court. He is currently housed at SCI Somerset but filed the instant *pro se* Section 1983[1] action concerning alleged constitutional violations during his incarceration at SCI Mahanoy. Because Nelson fails to state a claim for relief, the Court will dismiss his amended complaint pursuant to 28 U.S.C. § 1915A(b)(1) but will grant him one final opportunity to amend his pleadings.

I.   BACKGROUND

Nelson initially filed the instant lawsuit in February 2023. He named twelve Defendants, claiming they retaliated against him for filing an earlier lawsuit.[2] His

---

[1] 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

[2] *See generally* Doc. 1.

complaint, however, did not specify personal involvement for the named Defendants, instead claiming that Defendants collectively violated his constitutional rights.[3] Defendants moved to dismiss his complaint or alternatively for a more definite statement under Federal Rule of Civil Procedure 12(e).[4]

Nelson did not oppose Defendants' motion for a more definite statement. He filed a response in which he attempted to provide additional factual allegations, although he did not file an amended complaint or a proper brief in response to Defendants' motion.[5] After briefing had closed, he subsequently filed two supplements, which also appear to be attempts to provide additional allegations in response to Defendants' Rule 12(e) motion.[6] Those supplements, however, were filed out of time and without leave of court.

Ultimately, the Court granted Defendants' unopposed Rule 12(e) motion and gave Nelson 14 days in which to file a comprehensive amended pleading that included all of his factual allegations against the numerous Defendants.[7] The Court specifically admonished Nelson that he was to file an amended complaint and "must provide sufficient factual detail such that Defendants can properly respond to said pleading."[8] The Court further advised Nelson that he "must

---

[3] *See generally id.*
[4] Doc. 38.
[5] *See generally* Doc. 41.
[6] *See* Docs. 43, 44.
[7] Doc. 45.
[8] *Id.*

plausibly allege personal involvement by the individual named Defendants," attach any exhibits he desired to include with his amended complaint, and that he "must include all his allegations within this amended pleading, as the Court will not accept 'supplements' thereto."[9]

More than three weeks passed, but Nelson failed to file an amended complaint. The Court then issued a follow-up Order,[10] again admonishing Nelson that he must file a comprehensive amended complaint that included allegations of personal involvement by the numerous named Defendants. The Court warned Nelson that failure to comply could result in the striking of his original complaint under Rule 12(e) or dismissal for failure to prosecute under Rule 41(b).[11]

Nelson responded by filing a single-page amended complaint.[12] The Court will screen that filing pursuant to its obligations under 28 U.S.C. § 1915A.

## II.  STANDARDS OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[13] One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]"[14] This language closely tracks Federal Rule

---

[9]   *Id.*
[10]  Doc. 46.
[11]  *Id.*
[12]  Doc. 47.
[13]  *See* 28 U.S.C. § 1915A(a).
[14]  *Id.* § 1915A(b)(1).

of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[15]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[16] The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[17] In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[18]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[19] At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[20] Second, the court should distinguish well-

---

[15] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).
[16] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).
[17] *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).
[18] *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).
[19] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).
[20] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).

pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[21]  Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[22]  Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[23]

Because Nelson proceeds *pro se*, his pleadings are to be liberally construed and his amended complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[24]  This is particularly true when the *pro se* litigant, like Nelson, is incarcerated.[25]

## III. DISCUSSION

Nelson's amended complaint is even less developed than his original complaint.  He contends that defendant Wilkins Cespedes denied him breakfast and lunch from October 2022 to January 2023 in retaliation for filing a previous lawsuit against a medical provider at SCI Mahanoy.[26]  He then summarily asserts that the other eleven Defendants failed to intervene in the alleged retaliation.  Nelson's single-page amended complaint is deficient for two reasons.

---

[21]  *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[22]  *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[23]  *Iqbal*, 556 U.S. at 681.
[24]  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted).
[25]  *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).
[26]  Doc. 47 ¶ 1.

### A.     Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*."[27]  Rather, a Section 1983 plaintiff must aver facts that demonstrate "the defendants' personal involvement in the alleged misconduct."[28]  Personal involvement can include direct wrongful conduct by a defendant, but it can also be demonstrated through allegations of "personal direction" or of "actual knowledge and acquiescence"; however, such averments must be made with particularity.[29]  Furthermore, it is equally settled that involvement in the post-incident grievance process alone does not give rise to Section 1983 liability.[30]

Nelson's amended complaint does not plausibly plead personal involvement for eleven of the twelve Defendants.  Nelson alleges only that these eleven prison officials "failed to intereven [sic] or stop Defendant Cespedes's action."[31]  This single sentence is plainly insufficient to plead personal involvement in a

---

[27] *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); *see also Ashcroft v. Iqbal*, 556. U.S. 662, 676 (2009) (affirming same principle in *Bivens* context).
[28] *Dooley*, 957 F.3d at 374 (citing *Rode*, 845 F.2d at 1207).
[29] *Id.* (quoting *Rode*, 845 F.2d at 1207).
[30] *See Dooley*, 957 F.3d at 374 (affirming dismissal of claims against prison officials for lack of personal involvement when officials' "only involvement" was "their review and denial of [plaintiff]'s grievance"); *Lewis v. Wetzel*, 153 F. Supp. 3d 678, 696-97 (M.D. Pa. 2015) (collecting cases); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (nonprecedential); *Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (nonprecedential) (explaining that prisoner's claims against certain defendants were "properly dismissed" because the allegations against them "merely assert their involvement in the post-incident grievance process").
[31] Doc. 47 ¶ 3.

constitutional violation for the eleven Defendants other than Cespedes. Rather, it is a mere legal conclusion that is not entitled to the presumption of truth.[32] Accordingly, all Defendants except Cespedes must be dismissed for lack of personal involvement.

Nevertheless, the Court observes that Nelson, in supplemental documents filed with the Court (without leave and out of time), appears to be able to allege additional facts regarding at least some of the other Defendants' personal involvement.[33] Nelson will be given leave to amend so that he can file a *comprehensive* second amended complaint that cures the personal involvement deficiencies existing in his original and amended complaints. In other words, Nelson will be given the opportunity to put the allegations contained in his erroneously filed supplemental documents (Docs. 43, 44) into his second amended complaint.

### B.   Retaliation Claim

To state a First Amendment retaliation claim, a prisoner must allege that (1) "he was engaged in constitutionally protected conduct," (2) he suffered an "adverse action" by prison officials sufficient to deter a person of ordinary firmness from exercising his First Amendment rights, and (3) the inmate's

---

[32] *Connelly*, 809 F.3d at 787 (quoting *Iqbal*, 556 U.S. at 679).
[33] *See, e.g.*, Doc. 43 ¶¶ 2-9.

protected conduct was a "substantial or motivating factor" in the prison officials' decision to take the adverse action.[34]

Nelson's retaliation claim against Cespedes is serious. He claims that Cespedes intentionally refused to serve him breakfast and lunch for more than three months in retaliation for protected First Amendment conduct, causing substantial weight loss and an optical injury.

However, Nelson's barebones amended complaint falters at the third element—causation. He alleges, in purely conclusory fashion, that Cespedes retaliated against him because he filed *Nelson v. Mroczka*, No. 4:22-cv-1238 (M.D. Pa.).[35] The problem, however, is that *Nelson v. Mroczka* was filed in August 2022 and targeted a different prison official.[36] Nelson has not proffered any allegations or facts that would establish knowledge of this protected conduct by Cespedes, much less a reason why this prior lawsuit would motivate Cespedes to take adverse actions against him.

The Court notes, however, that in other documents filed by Nelson, he has asserted allegations against Cespedes that would implicate knowledge of the prior lawsuit and create an inference of causation.[37] The Court will therefore provide

---

[34] *Wisniewski*, 857 F.3d at 156 (quoting *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001)); *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) (quoting *Rauser*, 241 F.3d at 333).
[35] Doc. 47 ¶ 1.
[36] *See generally Nelson v. Mroczka*, No. 4:22-cv-1238 (M.D. Pa.).
[37] *See* Doc. 43 ¶ 1 (alleging that Cespedes became aware of the prior lawsuit and warned Nelson that if he did not withdraw the action, prison officials would "make his life a living hell").

Nelson one final opportunity to amend his pleadings to attempt to plausibly state a retaliation claim against Cespedes.

### C. Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile."[38]  As noted above, it is conceivable that Nelson could cure his pleading deficiencies.  The Court will permit him to file a second amended complaint—in accordance with this Memorandum—in the event that he can aver facts that would plausibly state a constitutional violation.

If Nelson chooses to file a second amended complaint in conformity with this Memorandum, it should be a stand-alone document, complete in itself and without reference to any previous pleadings.  The second amended complaint should set forth his Section 1983 claims in short, concise, and plain statements, and in sequentially numbered paragraphs.  Nelson is admonished that the Court will not consider "supplements" or other documents filed separately from the second amended complaint.  Any factual allegation or claim that Nelson seeks to raise in this lawsuit *must be included* within his second amended complaint.

Nelson must leave one-inch margins on all four sides of his pleading.[39]  He must also specify the offending actions taken by a particular defendant, sign the

---

[38] *Grayson*, 293 F.3d at 114.
[39] *See* LOCAL RULE OF COURT 5.1

second amended complaint, and indicate the nature of the relief sought. In particular, Nelson is admonished that he must plausibly plead personal involvement for any defendant he seeks to sue. Those allegations may not be conclusory (*e.g.*, Defendants "failed to intervene"); rather, Nelson must plausibly allege facts that would establish each Defendant's personal involvement in the purported constitutional violation.

Failure to comply with these instructions will result in the Court striking the second amended pleading. If Nelson does not timely file a second amended complaint, dismissal of the amended complaint will automatically convert to dismissal with prejudice and the Court will close this case.

## IV. CONCLUSION

Based on the foregoing, the Court will dismiss Nelson's amended complaint pursuant to 28 U.S.C. § 1915A(b)(1) because it fails to state a claim upon which relief may be granted. Nelson may file a second amended complaint in accordance with this Memorandum. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge